Beth E. Levine
Steven J. Kahn (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: blevine@pszjlaw.com

*Attorneys for Defendant Dan-Dee International Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Sears Holdings Corporation, *et al.*,[1] | Case No. 18-23538-RDD |
| Debtor. | (Jointly Administered) |
| Kmart Holding Corporation and Sears, Roebuck and Co., | Adv. Case No.: 20-06378 |
| Plaintiffs, | **ANSWER OF DAN-DEE INTERNATIONAL LIMITED, A DELAWARE CORPORATION, TO AMENDED COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502** |
| v. | |
| Dan-Dee International Limited; Dan Dee Hong Kong Holdings Ltd.; and Dan Dee Hong Kong Holdings Ltd. fdba Dan-Dee International Limited, | |
| Defendants. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances , Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1296); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None; SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Defendant DAN-DEE INTERNATIONAL LIMITED, a Delaware corporation ("Answering Defendant"), severing itself from all other Defendants and for itself alone, herein responds to the *Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Amended Complaint") filed by Kmart Holding Corporation ("Kmart") and Sears Roebuck & Co. ("Sears", and together with Kmart the "Plaintiffs") as follows:

1. Answering the allegations contained in paragraph 1, Answering Defendant admits that Plaintiffs seek the relief set forth therein, but denies, both generally and specifically, that Plaintiffs are entitled to the relief sought therein against Answering Defendant.

2. Answering the allegations contained in paragraph 2, Answering Defendant admits that Plaintiffs seek the relief set forth therein, but denies, both generally and specifically, that Answering Defendant is entitled to the relief sought therein against Answering Defendant.

3. Answering the allegations contained in paragraph 3, Answering Defendant admits the allegations therein.

4. Answering the allegations contained in paragraph 4, Answering Defendant states no response is required as the allegations contain only conclusions of law.

5. Answering the allegations contained in paragraph 5, Answering Defendant states no response is required as the allegations contain only conclusions of law.

6. Answering the allegations contained in paragraph 6, Answering Defendant states no response is required as the allegations contain only conclusions of law.

7. Answering the allegations contained in paragraph 7, Answering Defendant admits same solely on information and belief.

8. Answering the allegations contained in paragraph 8, Answering Defendant admits same solely on information and belief.

9. Answering the allegations contained in paragraph 9, Answering Defendant admits same solely on information and belief.

2

10. Answering the allegations contained in paragraph 10, Answering Defendant admits same solely on information and belief.

11. Answering the allegations contained in paragraph 11, Answering Defendant lacks sufficient information and belief to permit it to admit or deny the allegations contained therein, and based thereon, denies each and every allegation contained therein and the whole thereof.

12. Answering the allegations contained in paragraph 12, Answering Defendant lacks sufficient information and belief to permit it to admit or deny the allegations contained therein, and based thereon, denies each and every allegation contained therein and the whole thereof.

13. Answering the allegations contained in paragraph 13, Answering Defendant denies that it was at all relevant times a vendor or creditor that provided goods and/or services to or for Plaintiffs, but admits solely that at all relevant times its principal place of business was located at 106 Harbor Drive, Jersey City, New Jersey 07305.

14. Answering the allegations contained in paragraph 14, Answering Defendant denies that Dan Dee Hong Kong Holdings was at all relevant times a vendor or creditor that provided goods and/or services to or for Plaintiffs, but admits solely that at present, its principal place of business is located at Unit 417, 4th Floor, Lippo Centre, Tower Two, No. 89 Queensway, Admiralty, Hong Kong China.

15. Answering the allegations contained in paragraph 15, Answering Defendant denies that Dan Dee Hong Kong Holdings was at all relevant times a vendor or creditor that provided goods and/or services to or for Plaintiffs or that it formerly did business as Dan-Dee International Limited, a Hong Kong Corporation or Dan-Dee International Limited, a Delaware corporation, but admits solely that at present, its principal place of business is located at Unit 417, 4th Floor, Lippo Centre, Tower Two, No. 89 Queensway, Admiralty, Hong Kong China.

16. Answering the allegations contained in paragraph 16, Answering Defendant lacks sufficient information or belief to admit or deny the allegations contained therein, and based thereon, denies same both generally and specifically.

17. Answering the allegations contained in paragraph 17, Answering Defendant lacks sufficient information or belief to admit or deny the allegations contained therein, and based thereon, denies same both generally and specifically.

18. Answering the allegations contained in paragraph 18, Answering Defendant lacks sufficient information or belief to admit or deny the allegations contained therein, and based thereon, denies same both generally and specifically.

19. Answering the allegations contained in paragraph 19, Answering Defendant denies that it entered into agreements with Plaintiffs for the purchase of goods and/or services by Plaintiffs from Answering Defendant as evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "Agreements"), and further denies that the Agreements concerned and related to goods and/or services provided by Answering Defendant to Plaintiffs and that Exhibits A and B reflect payments by Plaintiffs to Answering Defendant pursuant to Agreements during the Preference Period.

20. Answering the allegations contained in paragraph 20, Answering Defendant, on information and belief, admits Plaintiffs' stated intent, but denies, both generally and specifically, that it is indebted to Plaintiffs by reason of transfers made within the Preference Period.

21. Answering the allegations contained in paragraph 21, Answering Defendant lacks sufficient information or belief that the transfers referenced therein represented an interest of Kmart in its property during the Preference Period, and based on such lack of information and belief denies same. Answering Defendant further denies that it was a creditor of Kmart at the time of the transfers asserted in Exhibit A to the Complaint.

22. Answering the allegations contained in paragraph 22, Answering Defendant lacks sufficient information or belief that the transfers referenced therein represented an interest of Sears in its property during the Preference Period, and based on such lack of information and belief denies same. Answering Defendant further denies that it was a creditor of Sears at the time of the transfers asserted in Exhibit B to the Complaint.

4

23. Answering the allegations contained in paragraph 23, Answering Defendant denies, as to itself, the allegations contained therein and the whole thereof.

24. Answering the allegations contained in paragraph 24, Answering Defendant lacks sufficient information and belief to admit or deny same, and based thereon, denies each and every such allegation and the whole thereof.

25. Answering the allegations contained in paragraph 25, Answering Defendant denies the first sentence thereof.  Answering Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained therein and the whole thereof, and therefore denies same, both generally and specifically.

26. Answering Defendant incorporates its responses to all preceding paragraphs as though fully set forth herein.

27. Answering the allegations contained in paragraph 27, Answering Defendant admits that, although it was not a creditor of the Debtors, it received transfers in the aggregate amount set forth in the referenced exhibit, but otherwise denies the allegations set forth therein.

28. Answering the allegations contained in paragraph 28, Answering Defendant lacks sufficient information and belief to permit it to admit or deny the allegations contained therein and therefore denies same in their entirety.

29. Answering the allegations contained in paragraph 29, Answering Defendant denies same in their entirety.

30. Answering the allegations contained in paragraph 30, Answering Defendant denies same in their entirety.

31. Answering the allegations contained in paragraph 31, Answering Defendant denies same in their entirety.

32. Answering the allegations contained in paragraph 32, Answering Defendant lacks sufficient information and belief as to whether Kmart was insolvent at the time of each Kmart Holding Corporation transfer, and therefore denies said allegations.  The remainder of paragraph 32, constitutes a statement of law for which no response is required.

5

33. Answering the allegations contained in paragraph 33, Answering Defendant admits that all of the transfers set forth on Exhibit A are stated to have been made during the Preference Period, but denies any inference of potential liability of this Answering Defendant which may be asserted by reason of same.

34. Answering the allegations contained in paragraph 34, Answering Defendant denies each and every allegation contained in the first sentence thereof, both generally and specifically. Answering Defendant lacks sufficient information and/or belief to permit it to admit or deny the remaining allegations contained in paragraph 34, and by reason thereof, denies each and every such other allegation.

35. Answering the allegations contained in paragraph 35, Answering Defendant denies each and every allegation contained therein and the whole thereof.

36. Answering Defendant refers to and incorporates herein by reference each and every response contained hereinabove as though fully set forth herein.

37. Answering the allegations contained in paragraph 37, Answering Defendant admits that, although it was not a creditor of the Debtors, it received transfers in the aggregate amount set forth in the referenced exhibit, but otherwise denies the allegations set forth therein.

38. Answering the allegations contained in paragraph 38, Answering Defendant lacks sufficient information and belief to permit it to admit or deny the allegations contained therein and therefore denies same in their entirety.

39. Answering the allegations contained in paragraph 39, Answering Defendant denies same in their entirety.

40. Answering the allegations contained in paragraph 40, Answering Defendant denies same in their entirety.

41. Answering the allegations contained in paragraph 41, Answering Defendant denies same in their entirety.

42. Answering the allegations contained in paragraph 42, Answering Defendant lacks sufficient information and belief as to whether Sears was insolvent at the time of each Sears

6

transfer, and therefore denies said allegations. The remainder of paragraph 42, constitutes a statement of law for which no response is required.

43. Answering the allegations contained in paragraph 43, Answering Defendant admits that all of the transfers set forth on Exhibit B are stated to have been made during the Preference Period, but denies any inference of potential liability of this Answering Defendant which may be asserted by reason of same.

44. Answering the allegations contained in paragraph 44, Answering Defendant denies each and every allegation contained in the first sentence thereof, both generally and specifically. Answering Defendant lacks sufficient information and/or belief to permit it to admit or deny the remaining allegations contained in paragraph 44, and by reason thereof, denies each and every such other allegation.

45. Answering the allegations contained in paragraph 45, Answering Defendant denies each and every allegation contained therein and the whole thereof.

46. Answering Defendant incorporates by reference each and every response set forth hereinabove as though fully set forth herein.

47. Answering the allegations contained in paragraph 47, Answering Defendant denies each and every allegation contained therein and the whole thereof.

48. Answering the allegations contained in paragraph 48, Answering Defendant denies each and every allegation contained therein and the whole thereof.

49. Answering the allegations contained in paragraph 49, Answering Defendant refers to and incorporates herein each and every response set forth above as though fully set forth herein.

50. Answering the allegations contained in paragraph 50, Answering Defendant denies each and every allegation contained therein and the whole thereof.

51. Answering the allegations contained in paragraph 51, Answering Defendant admits solely that, although it was not a creditor of the Debtors, it was a transferee of one or

7

more of the transfers on Exhibits A and B, and otherwise denies each and every allegation contained therein and the whole thereof.

52. Answering the allegations contained in paragraph 52, Answering Defendant denies each and every allegation contained therein and the whole thereof.

53. Answering Defendant incorporates by reference each and every response set forth hereinabove as though fully set forth herein.

54. Answering the allegations contained in paragraph 54, Answering Defendant denies each and every allegation contained therein and the whole thereof.

55. Answering the allegations contained in paragraph 55, Answering Defendant denies each and every allegation contained therein and the whole thereof.

56. Answering the allegations contained in paragraph 56, Answering Defendant denies each and every allegation contained therein and the whole thereof.

57. Answering the allegations contained in paragraph 57, Answering Defendant denies each and every allegation contained therein and the whole thereof.

58. Addressing the prayer for relief, Answering Defendant denies that Plaintiffs are entitled to any relief requested therein and affirmatively asserts that judgment should be entered in favor of Answering Defendant and against Plaintiffs.

## GENERAL DENIAL

Answering Defendant denies each and every allegation contained in the Amended Complaint that is not hereinabove expressly admitted and Answering Defendant further denies that Plaintiffs are entitled to any relief or recovery in any form or in any amount whatsoever from Answering Defendant in this case.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Amended Complaint and without admitting or suggesting that Answering Defendant bears the burden of proof on any of the following issues, as separate and independent defenses and/or affirmative defenses, Answering Defendant states as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

**THIRD AFFIRMATIVE DEFENSE**

3. Debtors received reasonably equivalent value in exchange for each of the transfers that the Amended Complaint seeks to avoid under 11 U.S.C. § 548.

**FOURTH AFFIRMATIVE DEFENSE**

4. To the extent either Debtor was solvent at the time it made a challenged transfer, it may not avoid the challenged transfer under 11 U.S.C. § 547, or 11 U.S.C. § 548. Alternatively, none of the Debtors were insolvent at the time of, or became insolvent as a result of, the challenged transfers. Also, the Debtors did not engage in any transactions at the time of the transfers that would leave any of the Debtors with an unreasonably small amount of capital or with debts beyond the Debtors' ability to pay such debts as they became due.

**FIFTH AFFIRMATIVE DEFENSE**

5. The transfers alleged in the Amended Complaint and sought to be avoided under 11 U.S.C. § 547 were in payment of debts incurred by Debtors in the ordinary course of business or financial affairs of Debtors and its vendor and: (a) were made in the ordinary course of business or financial affairs of Debtors and its vendors; or (b) were made according to ordinary business terms. As such, the relief sought in the Amended Complaint is barred pursuant to 11 U.S.C. § 546(c)(2).

**SIXTH AFFIRMATIVE DEFENSE**

6. Following the transfers alleged in the Amended Complaint and sought to be avoided under 11 U.S.C. § 547, the Debtors received new value to or for the benefit of Debtors which was not secured by an otherwise unavoidable security interest, and on account of which

9

Debtors did not make an otherwise unavoidable transfer to or for the benefit of its vendor.  As such, the relief sought in the Complaint is barred pursuant to 11 U.S.C. § 457(c)(4).

## SEVENTH AFFIRMATIVE DEFENSE

7. The transfers alleged in the Amended Complaint and sought to be avoided under 11 U.S.C. § 547 may not be recovered to the extent that they were not received by a Defendant or were not made within ninety (90) days of the filing of the petition.

## EIGHTH AFFIRMATIVE DEFENSE

8. The transfers alleged in the Amended Complaint and sought to be avoided under 11 U.S.C. § 547 may not be recovered as the transfers did not enable Answering Defendant to receive more than it would receive under chapter 7, had the transfers not been made and had the Answering Defendant received payment of such debt to the extent provided by the provisions of that title.

## NINTH AFFIRMATIVE DEFENSE

9. Pursuant to 11 U.S.C. § 547(g), Plaintiffs have failed to meet their burden to establish the elements of a preferential transfer.

## TENTH AFFIRMATIVE DEFENSE

10. There is no legal or equitable basis upon which the Plaintiffs can seek the recovery of prejudgment interest, attorneys' fees and costs in this action.  Accordingly, the Plaintiffs' request for such relief should be stricken.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants reserve all rights of set-off and/or recoupment to the fullest extent possible.

## TWELFTH AFFIRMATIVE DEFENSE

12. To the extent applicable, Answering Defendant incorporates by reference the affirmative defenses set forth in Federal Rule of Civil Procedure 8 and pursuant to Federal Rule of Bankruptcy Procedure 7008.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. To the extent Answering Defendant received any of the transfers that Plaintiffs seek to avoid, it received same for value, in good faith and without knowledge of the avoidability of such transfers (if any).

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The Amended Complaint is barred by all applicable statutes of limitation, including, but not limited to, 11 U.S.C. § 546 and 11 U.S.C. § 550.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The Complaint is barred by the doctrines of *res judicata* and/or collateral estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. The transfers Plaintiffs seek to avoid under 11 U.S.C. § 548 are not avoidable as the Debtors did not receive less than a reasonably equivalent value in exchange for the transfers.

### RESERVATION OF RIGHTS

17. The foregoing affirmative defenses are raised by Answering Defendant without waiver of any other defenses that may be available or determined after discovery and investigation is undertaken. Answering Defendant gives notice that it intends to rely upon any defenses available, and reserves the right to assert any other additional defenses that may become available or apparent at any time during the pendency of these proceedings. Answering Defendant further does not consent to the issuance by the Bankruptcy Court of final orders or judgments.

**WHEREFORE**, Answering Defendant requests entry of judgment dismissing the Amended Complaint and all claims with prejudice, that Answering Defendant be reimbursed for

its costs and attorneys' fees incurred in responding to the Amended Complaint, and that the Court grant such other and further relief as may be just and proper.

Dated: October 28, 2021         PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*
Beth E. Levine
Steven J. Kahn (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: blevine@pszjlaw.com

Attorneys for Answering Defendant Dan-Dee International Limited, a Delaware corporation