ASK LLP
Joseph L. Steinfeld, Jr., Esq.
Gary D. Underdahl, Esq.
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 406-9665; Fax: (651) 406-9676

Edward E. Neiger, Esq.
60 East 42nd St., 46th Floor
New York, NY  10165
Telephone: (212) 267-7342
Email: eneiger@askllp.com

*Counsel for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Sears Holdings Corporation, *et al.*,1<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538-RDD<br><br>(Jointly Administered) |
| Kmart Holding Corporation and Sears, Roebuck and Co.,<br><br>Plaintiffs,<br><br>v.<br><br>Dan-Dee International Limited; Dan Dee Hong Kong Holdings Ltd.; and Dan Dee Hong Kong Holdings Ltd. fdba Dan-Dee International Limited,<br>Defendants. | Adv. No. **20-06378 (RDD)** |

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## STIPULATION AND PROPOSED ORDER EXTENDING DEADLINES UNDER PROCEDURES ORDER

Dan-Dee International Limited ("Defendant"), and Kmart Holding Corporation and Sears, Roebuck and Co. ("Plaintiffs" and collectively, the "Parties"), through their respective counsel, enter into this Stipulation to Extend Certain Deadlines under Procedures Order, whereby the Parties have identified the need to extend deadlines specific to this adversary proceeding as a result of the passage of several deadlines otherwise applicable prior to accomplishing foreign and domestic service of the Complaint, and the Parties hereby agree to extend certain deadlines appearing in the *Order on Motion for an Order Establishing Streamlined Procedures Governing Adversary Proceedings with Total in Controversy Greater Than $500,000 Brought by the Debtors Pursuant to Sections 502, 547, 548 and 550 of the Bankruptcy Code* (D.I. 8383) (the "Procedures Order"), as follows:

1.  With respect to this adversary proceeding 20-06378, the Procedures Order shall remain in full force and effect except as expressly set forth in the **Amendment to Procedures Order** attached hereto as **Exhibit 1** and incorporated herein by reference.

2.  The time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

3.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

4.  This Order shall be effective immediately upon its entry.

[*Signature page to follow*]

-2-

20-06378-shl   Doc 14   Filed 04/01/22   Entered 04/01/22 19:34:22   Main Document
Pg 3 of 5

**AGREED TO BY**

ASK LLP                                          PACHULSKI STANG ZIEHL &
                                                 JONES LLP

*/s/ Joseph L. Steinfeld, Jr.*                   */s/ Beth E. Levine*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292   Beth E. Levine, Esq.
Gary D. Underdahl, Esq., MN SBN 0301693          Steven J. Kahn, Esq. (*pro hac vice*)
Brigette G. McGrath, Esq., NY SBN 4962379        780 Third Avenue, 34th Floor
2600 Eagan Woods Drive, Suite 400                New York, New York 10017
St. Paul, MN  55121                              Telephone: (212) 561-7700
Telephone: (651) 289-3857                        Fax: (212) 561-7777
Fax: (651) 406-9676                              Email: blevine@pszjlaw.com
Email: gunderdahl@askllp.com

                                                 *Counsel for Defendant*

*-and-*

Edward E. Neiger, Esq.
60 East 42nd St., 46th Floor
New York, NY  10165
Telephone: (212) 267-7342
Email: eneiger@askllp.com

*Counsel for Plaintiff*

 

**SO ORDERED**
Dated: April 1, 2022


*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

-3-

PPAB 6856175v2
DOCS_LA:342789.2 17104/001

## **Exhibit 1**

## **AMENDMENT TO PROCEDURES ORDER FOR ADV. P. 20-06378 (RDD)**

Except as expressly set forth herein, the Avoidance Action Procedures ("Avoidance Action Procedures") set forth in Exhibit 2 to the Procedures Order [D.I. 8383] remain in full force and effect in this adversary proceeding:

**Discovery:**

- Paragraphs 6-8 of the Avoidance Action Procedures are amended as follows:

6. The disclosures required under Rule 7026(a)(1) (the "**Initial Disclosures**") shall be made on or before June 1, 2022.

7. Except as set forth herein, all written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the service of Initial Disclosures or in conjunction with the service of the Initial Disclosures. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than June 24, 2022.

8. The parties to Adversary Proceeding 20-06378 shall have through and including September 30, 2022 to complete non-expert fact discovery, excluding depositions of fact witnesses.

**Mediation:**

- Paragraphs 14-15 of the Avoidance Action Procedures is amended as follows:

14. In the event that Adversary Proceeding 20-06378 is not resolved on or before October 15, 2022, it shall be referred to mandatory mediation and the Mediation Process in paragraphs 15-25 of the Avoidance Action Procedures. Upon mutual agreement of the parties, mediation in Adversary Proceeding 20-06388 may be conducted prior to October 15, 2022. Should the parties to Adversary Proceeding 20-06378 mutually agree to conduct the mediation earlier, any discovery deadlines shall be stayed until the Mediation Process has concluded.

15. Between October 16, 2022 and October 31, 2022, Defendant shall choose a mediator from the list of proposed mediators (each a "Mediator," collectively, the "Mediators") (the "Mediator List") attached hereto as Exhibit 3. Concurrently, Defendant shall notify Plaintiff's counsel of the Defendant's choice of Mediator by contacting Laurie N. Miskowiec, in writing, via email at lmiskowiec@askllp.com or via letter correspondence addressed to ASK LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121. If the Defendant does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign the matter to one of the Mediators from the Mediator List.

-4-

- Paragraph 20 of the Avoidance Action Procedures is amended as follows:

> 20. The Mediation Process with respect to Adversary Proceeding 20-06378 must be concluded by February 28, 2023.

- Paragraphs 23 and 25 of the Avoidance Action Procedures are amended as follows:

> 23. All fact and expert discovery, including fact and expert depositions, shall be concluded the earlier of 120 days after the Mediator's Report is filed or on June 30, 2023.

> 25. Either or both parties may seek leave under Local Bankruptcy Rule 7056 by email to the Court, with a copy to the counsel for the opposing party; provided, that all dispositive motions shall be filed and served at any time after the Mediation Process but before July 31, 2023. In the normal course, the Court will not permit the filing and pursuit of a summary judgment motion before the completion of discovery. Notwithstanding Local Bankruptcy Rule 7005-1, the party filing or opposing such dispositive motion shall be allowed to introduce such exhibits as needed to meet its burden of proof or rebut such burden.

PPAB 6856175v2
DOCS_LA:342789.2 17104/001